IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALBERT CURTIS MILLS,

    Plaintiff,

v.

M. VAN METER, ET AL.,

    Defendants.

Civil No. 23-537-BAH

## MEMORANDUM OPINION

Self-represented Plaintiff Albert Curtis Mills filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 24, 2023, ECF 1, together with a Motion to Proceed in Forma Pauperis, ECF 2. Because the Complaint failed to state a claim, on November 16, 2023, Plaintiff was directed to file an amended complaint to correct the deficiencies noted. ECF 5. Plaintiff was forewarned the failure to file the required amended complaint may result in dismissal of the Complaint. *Id.* Plaintiff failed to file the required amended complaint in the time provided. Nevertheless, on April 24, 2025, the Court provided Plaintiff with additional time in which to file an amended complaint. ECF 7. Plaintiff was provided a copy of the original Complaint as well as a copy of the Court's November 16, 2023, Order. *Id.* On June 2, 2025, Plaintiff filed a Motion to Extend Time to file the amended complaint, ECF 8, which was granted, ECF 9. On July 14, 2025, Plaintiff filed his amended complaint, ECF 11, against Defendants M. Van Meter ("Van Meter"), Melissa Brashear Hay ("Hay"), Sergeant J. Uphole ("Uphole"), Jennifer Schmitt, Assistant Commissioner Frank B. Bishop, Jr., together with a second Motion to Extend Time, ECF 10. Plaintiff's Motions to Proceed in Forma Pauperis, ECF 2, and to Extend

Time, ECF 10, shall be granted. However, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as outlined below.

Because Mills is a prisoner proceeding in forma pauperis, a district court must screen the Complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court may not ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court need not "conjure up questions never squarely presented").

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

Mills' proposed amended complaint alleges the "violation of his constitutional right to receive serious mental healthcare," "violation of his constitutional right to shelter which does not cause degeneration and threaten mental and physical well being," "violation of his constitutional right to a remedy for unsafe conditions," "violation of his right to petition the government for redress of grievances," and retaliation. ECF 11, at 3–4 ¶¶ 3–7. He seeks unspecified injunctive relief and money damages. *Id.* at 4 ¶ 8. Specifically, Mills alleges that at 3:00 pm on October 21,

2

2019, while housed at North Branch Correctional Institution ("NBCI"), Defendants Van Meter, Hay, and Uphole moved him from a handicap cell in Unit 2 Bravo Tier to a general population cell in Unit 2 Alpha Tier. *Id.* at 5 ¶ 10. Without factual allegations in support, Mills alleges that the move was conducted in retaliation for his having written complaints. *See id.* Mills alleges that he was placed in a double cell with a "mentally healthy" inmate, whereas he had previously been in a special needs unit because of his mental health. *Id.* at 6 ¶¶ 12–13. He alleges, again without factual support, that being placed in the double cell subjected him to "anguish and/or maim and/or murder." *Id.* ¶ 16. Because he refused housing in the double cell, Mills was placed on disciplinary segregation. *Id.* at 7 ¶¶ 17–18. Mills does not allege any problems with disciplinary segregation other than that he has been assigned a top bunk. *Id.* at ¶ 19. He alleges that Defendants Van Meter and Uphole placed him in "top bunk status" for writing complaints. *Id.* Mills does not provide any support for this conclusory statement. Mills contends that he "will fall off the top bunk because of his severe mental and physical illnesses," and that he has suffered "several psychological depression" and "sleep deprivation" that "exacerbate . . . symptoms of his severe mental illnesses." *Id.* at 8–9 ¶¶ 21–24. However, Mills does not describe his medical conditions and why they prevent him from using the top bunk. *See id.* at 8.

Mills alleges that he was moved from one unit to another unit and assigned to the top bunk in retaliation for submitting complaints. This claim is most fairly construed as a claim that he suffered retaliation for exercising his First Amendment right to petition for the redress of grievances. "The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). To state a claim of retaliation for exercising First Amendment rights, a plaintiff must show that (1) the plaintiff engaged in

3

protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Specifically, as to cell assignment, a plaintiff must allege sufficient facts showing that the prison official's refusal to assign him/her to a different cell was not reasonably related to a legitimate penological interest. *Jehovah v. Clarke*, 798 F.3d 169, 181 (4th Cir. 2015) (citing *Turner v. Safely*, 482 U.S. 78, 89 (1987)).

Here, Mills fails to allege any facts which would suggest that his cell assignment and top bunk status was in retaliation for exercising his First Amendment rights. He states only that he made complaints and that he was moved and assigned to the top bunk. He does not describe the alleged complaints, whom they were against, or how they were connected to defendants' actions regarding his cell assignment. The claim is entirely conclusory and devoid of factual basis. As such, it will be dismissed.

Mills' claim that his being assigned the top bunk where he is in danger of falling can be liberally construed as alleging unconstitutional prison conditions. However, this claim likewise fails. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that "the deprivation of [a] basic human need was *objectively* 'sufficiently serious,'" and that "*subjectively* 'the officials acted with a sufficiently culpable state of mind."

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original) (citation omitted). Mills does not explain why his physical or mental health conditions make him susceptible to falling from

4

a top bunk and alleges no facts to support a claim that his being assigned the top bunk violates his constitutional rights. The allegations are conclusory, speculative, and do not state a claim.

Finally, Mills' claim that he has been denied adequate medical care is entirely unavailing, as he fails to describe his medical condition, what treatment he has been denied, or who denied him any such treatment. He provides no facts to support this claim; therefore, it will be dismissed.

For the foregoing reasons, Mills' amended complaint, ECF 11, will be dismissed without prejudice. A separate implementing order will issue.

Dated: October 21, 2025

/s/
Brendan A. Hurson
United States District Judge